1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   BRAIN LIFE, LLC, a Delaware limited
     liability company,
12
                                    Plaintiff,
13        vs.

14

15   ELEKTA INC., a Georgia corporation,
     MEDTRONIC, INC., a Delaware
16   corporation, VARIAN MEDICAL
     SYSTEMS, INC., a Delaware
17   corporation, BRAINLAB, INC., a
     Delaware corporation,
18
                                   Defendants.
19

CASE NO. 10cv1539-LAB (BGS)

**ORDER ON MOTION FOR
DEFAULT JUDGMENT OR, IN
THE ALTERNATIVE, TO DISMISS
MEDTRONIC'S MOTION TO
DISMISS**

20

21        After Brain Life filed its original complaint in this case, Defendants Brainlab and

22   Medtronic filed answers, and Defendants Varian Medical Systems and Elekta filed motions

23   to dismiss.  The Court denied Elekta's motion to dismiss, without prejudice, and it granted

24   Varian's motion to dismiss, also without prejudice and with leave to Brain Life to amend its

25   complaint.

26        Then Brain Life filed an amended complaint.  Brainlab again answered, as did Elekta,

27   and Varian again filed a motion to dismiss.  But Medtronic, which had previously filed an

28   answer, instead filed a motion to dismiss.  Medtronic now argues that the allegations against

it in Brain Life's original complaint were nearly identical to the allegations against Varian that

1   the Court dismissed without prejudice, and that Brain Life failed to modify those allegations

2   against Medtronic in its amended complaint.

3       Brain Life, seizing on the fact that Medtronic initially answered its complaint, now asks

4   the Court to enter default judgment against Medtronic because it has failed to answer the

5   amended complaint.   In the alternative, Brain Life asks the Court to essentially strike

6   Medtronic's motion to dismiss and hold Medtronic to its original answer.

7       The motion for a default judgment is a non-starter.  Medtronic made an appearance

8   shortly after Brain Life filed its original complaint, it answered that complaint, and it filed a

9   response to Brain Life's amended complaint in the form of a motion to dismiss, which is now

10  fully briefed.  Medtronic is clearly able and willing to litigate this case.  Brain Life cannot

11  seriously expect the Court to enter judgment against Medtronic under these circumstances.

12  *See In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991) (explaining that default judgments are

13  "generally disfavored" and that cases should be decided on the merits "whenever it is

14  reasonably possible").  Brain Life's  motion is particularly unreasonable considering that

15  Brain Life questions whether Medtronic even had an obligation to respond to the amended

16  complaint in the first place:

17          As to Medtronic, the FAC is identical to the Original Complaint.
            It would be superfluous to require Medtronic to file an answer.
18

19  (Dkt. No. 56-1 at 12.)  To be fair, Brain Life advances this argument not in favor of default

20  judgment but in favor of striking Medtronic's motion to dismiss, on the assumption that the

21  original complaint was not superceded by the amended complaint with respect to Medtronic.

22  Still, it is essentially Brain Life's position that Medtronic had no obligation to respond in any

23  way to the amended complaint, but because it responded in the way it did judgment should

24  be entered against it.  That position is not reasonable, and the motion for default judgment

25  is therefore **DENIED**.

26      The next question is whether Medtronic is bound to the previous answer it filed, or

27  whether the mere fact that Brain Life filed an amended complaint gives it a fresh crack at

28  dismissing Brain Life's claims.  Medtronic takes the position that an amended complaint

    essentially starts the case over, and even though it answered a prior complaint it is free to

move to dismiss an amended complaint.  *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010), *Stamas v. County of Madera*, 2010 WL 289310 at *4 (E.D. Cal. Jan. 15, 2010).  Brain Life argues that the Court only granted it leave to amend its allegations against Varian, and its allegations against Medtronic remained the same.  Therefore, the complaint is not amended with respect to Medtronic, and Medtronic is bound by its answer to the original complaint.  The question, then, is whether the amended complaint supersedes the original as to *all* Defendants, or only as to Varian.

Brain Life concedes the general rule that an amended complaint supersedes its original, and it offers little positive authority for the proposition that this principle has no traction in multiple defendant cases where the allegations against a particular defendant in an amended complaint do not change.  The best case it offers is *In re Atlas Van Lines, Inc.*, 209 F.3d 1064 (8th Cir. 2000), which it mistakenly cites as 20 F.3d 1064 (Fed. Cir. 2000). In *Atlas*, the Eighth Circuit recognized an exception to the "well-established" rule that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect."  *Id.* at 1067.  That exception arose, however, in a particular (and rather convoluted) procedural posture that is not present here.  The question here is more basic: Can Medtronic change course and move to dismiss a complaint that it previously answered when the factual allegations against it in the amended complaint are the same?

Surprisingly, there is no caselaw that addresses this issue head-on—at least none that the parties identify or that the Court can locate.  The Court sides with Brain Life, however.  There is no getting around the fact that Medtronic answered Brain Life's original complaint, and Brain Life filed an amended complaint only to correct the inadequacies the Court found in its claims against Varian.  (*See* Dkt. No. 45 at 20.)  The factual allegations against Medtronic remained the same, which was sensible on Brain Life's part considering that Brain Life had answered them.  It's true, as Medtronic argues in its motion to dismiss, that "[t]he allegations against Medtronic were nearly identical in all material respects to those which the Court found deficient," and if Medtronic had filed a motion to dismiss rather than an answer the Court would probably have granted it.  The Court wouldn't go so far, however,

1  to label its ruling on Varian's motion to dismiss "the law of the case" such that Medtronic may

2  now be excused from its answer and benefit from a motion that it strategically chose not to

3  file.

4      If Medtronic were to get its way, defendants in multiple-defendant cases could

5  repeatedly revise their tactical approach when, fortuitously, the claims against another

6  defendant are dismissed without prejudice and a plaintiff is granted leave to amend.  The

7  potential for gamesmanship and delay would be great, particularly in cases involving

8  numerous defendants in which a plaintiff is given multiple opportunities to amend.  To be

9  clear, the Court is not taking the position that Medtronic has waived the argument that Brain

10  Life has failed to state a claim on which relief can be granted.  *See* Fed. R. Civ. P. 12(h)(2).

11  Medtronic has simply waived the opportunity to make that argument in a Rule 12(b)(6)

12  motion to dismiss.

13      Brain Life's motion to strike Medtronic's motion to dismiss is therefore **GRANTED**.

14  The Court finds no prejudice to Medtronic in this, because it is in no worse position than it

15  was in when it answered Brain Life's original complaint.

16      **IT IS SO ORDERED**.

17  DATED:  January 3, 2012

18

19  **HONORABLE LARRY ALAN BURNS**
United States District Judge

20

21

22

23

24

25

26

27

28

- 4 -