UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brain Life, LLC,<br><br>                             Plaintiff,<br>   vs.<br><br>Medtronic, Inc., Varian Medical Systems, Inc., Brainlab, Inc.,<br><br>                             Defendants. | CASE NO. 10cv01539-CAB (BGS)<br><br>ORDER DENYING DEFENDANT VARIAN MEDICAL SYSTEMS, INC'S MOTION TO DISMISS<br>[DOC. NO. 50] |

Before the Court is the motion of Defendant Varian Medical Systems, Inc. ("Varian") to dismiss Plaintiff's First Amended Complaint, pursuant to Fed.R.Civ.P. 12(b)(6). [Doc. No. 50.] Plaintiff Brain Life, LLC ("Brain Life") filed an opposition. [Doc. No. 59.] Varian filed a reply. [Doc. No. 61.] On October 13, 2011, District Judge Larry Alan Burns, took the motion under submission to be decided on the papers. [Doc. No. 63.] The case was transferred to the undersigned on February 24, 2012. [Doc. No. 70.]

In this case Brain Life alleges infringement of U.S. Patent No. 5,398,684 ("the '648 patent"). In its initial complaint, Brain Life alleged that Varian infringed the '648 patent directly and by inducing the infringement of others. The Court granted Varian's motion to dismiss with leave to amend, finding that Brain Life's complaint failed to identify with sufficient specificity facts that give rise to its allegations of infringement. Brain Life filed its First Amended Complaint [Doc. No. 46] and removed its allegations of direct infringement against Varian, but reasserted its allegations of inducing

infringement.[1]

Varian now moves to dismiss the First Amended Complaint asserting that Brain Life has still not sufficiently pled its allegation of inducing infringement. The Court disagrees.

To state a claim for inducing infringement under 35 U.S.C. §271(b), the plaintiff must allege facts sufficient to show that (1) there was direct infringement by a third party; (2) the defendant knew of the patent-in-suit; (3) the defendant knowingly and actively aided and abetted the direct infringement of the third party; and (4) possessed specific intent to encourage infringement. The plaintiff may prove these elements by circumstantial evidence. *See DSU Medical Corp. V JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006).

The '648 patent is a method patent. In its initial complaint Brain Life simply alleged that Varian manufactured and sold at least three identified systems and induced unidentified medical practitioners to directly infringe the patent through Varian's sale of those systems and provision of manuals and other instructions including training. [Doc. No. 1, ¶41.] This allegation was insufficient as it was generally a legal conclusion and not a statement of facts.

In the First Amended Complaint, Brain Life has identified six medical practitioners it alleges use three Varian systems to directly infringe the '648 patent by practicing the steps of claims 53, 54, 55, 61 and 78 when the practitioners use those systems. Brain Life describes the actions of these third parties as meeting the steps required in the patent including acquiring, converting, storing, manipulating and comparing radiographic images; determining stereotactic coordinates and selectively recalling and simultaneously displaying at least two of the images, using Varian systems to perform these steps.

Varian faults this description as inadequate in that the complaint does not provide the specifics of how each practitioner performs these steps with Varian's equipment, but the Court considers this description adequate to put Varian on notice as to who is alleged to directly infringe the asserted

---

[1] Brain Life affirmatively represents in its opposition to Varian's motion [Doc. No. 59 at 5] that it has withdrawn its direct infringement claim against Varian. Paragraphs 62 and 64, of the First Amended Complaint are therefore deemed stricken from the complaint and Brain Life is deemed to have withdrawn any allegations of direct infringement against Varian.

claims of the patent, by what actions, using what Varian equipment.[2]  Varian can certainly ascertain from this allegation whether the identified third parties are customers for the implicated systems and whether the implicated systems perform the steps described.

Brain Life has further alleged facts from which it is plausible to conclude that Varian was aware, or should have been, of the '648 patent.  Brain Life has further alleged that Varian provides materials and instruction to the identified medical practitioners on the operation of the equipment the use of which results in the performance of the steps of the claimed method.  Assuming these facts to be true, as the Court must for purposes of this motion, one could reasonably conclude that Brain Life could establish that Varian, aware of the '648 patent, sold the identified equipment, and instructed its identified customers to use said equipment to perform the described steps which Varian knew or should have know would result in infringement.

The First Amended Complaint provides sufficient factual allegations to support the claim of inducing infringement.  The motion to dismiss [DOC. NO. 50] is DENIED.  The parties are directed to contact the chambers of Magistrate Judge Bernal Skomal forthwith to schedule an Early Neutral Evaluation and Case Management Conference.

DATED: April 19, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge

---

[2]  This Court does take into consideration that Brain Life will shortly be required, pursuant to this District's local patent rules, to provide Varian an element-by-element analysis of the alleged acts of direct infringement, such that if a step, or steps, of the method is not practiced by the third parties, Varian can challenge the infringement contentions on the merits.